FILED
2004 Nov-29 PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **QBE INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **04-C-3049-W** |
| **GRACE CHAPEL NAZARENE,** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION ON THE COURT'S JURISDICTION

Defendant Grace Chapel Nazarene has moved to dismiss this case for want of subject matter jurisdiction.[1]  For the reasons that follow, the Court concludes that the amount in controversy does not exceed $75,000; therefore, the motion is due to be granted.

### FACTUAL BACKGROUND

Plaintiff QBE Insurance Company ("QBE"), filed this declaratory judgment action pursuant to Title 28 U.S.C. § 2201.  QBE seeks a declaration that the insurance policy it issued to Defendant, Grace Chapel Nazarene ("Grace Chapel") excludes coverage for loss or damage caused by the following: (1) water leakage, seepage, and condensation; or (2) the presence of humidity, moisture, or vapor, over a period of 14 days or more. (*See* Compl. ¶ 7.)  In addition to its claim for declaratory relief, QBE seeks to recover its costs, and such other relief as the Court deemed appropriate. (Compl. at pp. 5-6).

This case is brought as a diversity action pursuant to 28 U.S.C. § 1332; and the diverse

---

[1] Plaintiff QBE has not voiced any opposition to the Defendant's Motion to Dismiss.

citizenship of the parties is not contested.  At issue is whether the complaint satisfies the second requirement of § 1332 (a): the $75,000 "amount in controversy."

## APPLICABLE LAW

Federal courts are courts of limited jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  When determining whether the federal courts have jurisdiction over a diversity action "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to invoke a federal court's diversity jurisdiction, the plaintiff must claim complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.  *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).   Further, when a plaintiff seeks declaratory relief, the amount in controversy is the monetary value of the object of litigation from the plaintiff's perspective.  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2002).   A claimant satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.  *St. Paul Mercury Indem. Co. v Red Cab Co.*, 303 U.S. 283, 288 (1938).   However, when a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.  *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-08 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996).   Finally, the general rule is that attorney's fees do not count towards the amount in controversy, unless they are allowed for by statute or contract.  *Federated*

*Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003)(citing *Graham v. Heneger*, 640 F.32d 732, 736 (5th Cir. 1981)).

## ANALYSIS

The only evidence in the record bearing on the amount in controversy is the Plaintiff's $49,928.53 valuation of Defendant's claim. (Def.'s Ex. 1A at p. 19.)  Thus, the monetary value of the object of litigation from QBE's perspective does not exceed $75,000.  *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2002).

Obviously, the amount in controversy does not exceed $75,000.  The Court therefore is not empowered to hear and determine this dispute.

## CONCLUSION

Accordingly, for want of federal subject matter jurisdiction, this action must be DISMISSED.  It will be done by separate order.

Done this 29th day of November, 2004

_____
U.W. Clemon
Chief United States District Judge